**IN THE COURT OF APPEALS OF IOWA**

No. 17-0350
Filed April 18, 2018

**JOHN LESLIE NICHOLAS GRAVES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

John Graves appeals from the dismissal of his application for postconviction relief. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**DANILSON, Chief Judge.**

John Graves appeals from the dismissal of his third application for postconviction relief (PCR), arguing the district court improperly granted summary judgment to the State. Finding no error in the dismissal of the application, we affirm.

In an appeal from the denial of Graves's first PCR application, this court rejected Graves's argument that "his trial, appellate, and postconviction counsel rendered ineffective assistance for failing to object to the felony murder and willful injury jury instructions." *Graves v. State*, No. 06-0369, 2007 WL 1484512, at *3 (Iowa Ct. App. May 23, 2007). We observed,

> Graves's argument is based on the application of *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006), to his case. That case, however, was decided after Graves's trial and direct appeal. Until *Heemstra*, the instructions given at Graves's trial were commensurate with the law. *See Heemstra*, 721 N.W.2d at 557-58. His counsel had no duty to anticipate the change. *See State v. Liddell*, 672 N.W.2d 805, 814 (Iowa 2003).
> Furthermore, according to *Heemstra*,
> > The rule of law announced in this case regarding the use of willful injury as a predicate felony for felony-murder purposes shall be applicable only to the present case and those cases not finally resolved on direct appeal in which the issue has been raised in the district court.
>
> *Id.*
> Graves relies on *Teague v. Lane*, 489 U.S. 288, 299-300 (1989), for the proposition that "once a new [constitutional rule of criminal procedure] is applied to the defendant in the case announcing the rule, evenhanded justice requires that it be applied retroactively to all who are similarly situated." Graves's argument is inapposite. We need not reach the question of retroactivity Graves urges because *Heemstra* did not announce a new constitutional rule of criminal procedure. Instead, the case interpreted a state statute. The Supreme Court cannot construe a state statute, whether it is procedural or substantive in nature, differently from the construction rendered by the state's highest court. *Johnson v. Fankell*, 520 U.S.

911, 916 (1997). Therefore, the new law established in *Heemstra* is not applicable to Graves.

*Graves*, 2007 WL 1484512, at *3.

Graves filed a second PCR application challenging the felony-murder instruction. The application was denied on January 28, 2013, and no appeal was filed.

Graves filed this third PCR application on May 12, 2016. The State responded with a motion for summary judgment and dismissal. Graves resisted, contending the application was grounded on new law, that is, "after multiple United States Supreme Court cases came down from January to April of 2016 that directly call into question whether or not Iowa Courts are required to apply *Heemstra* retroactively."[1] Graves argued these cases started the three-year-limitation period again. The court heard arguments on the parties' positions and ruled:

> [Graves] argues that *Montgomery v. Louisiana*, 136 S. Ct. [at] 728, demands the retroactive application of *Heemstra*. In *Montgomery*, the United State Supreme Court held that new substantive rules of constitutional law must be applied retroactively. *Id.* The court does not need to consider whether *Montgomery* applies to the current case, as the Iowa Supreme Court has already decided that *Montgomery* does not require the retroactive application of *Heemstra*. In *Nguyen* [*v. State*, 878 N.W.2d 744, 754 (Iowa 2016) (*Nguyen II*)], the applicant submitted *Montgomery* as additional authority on the federal approach to retroactivity. *Nguyen II*, 878 N.W.2d at 753, n.4. The court noted that *Montgomery* did not assist them in deciding the case, as *Montgomery* dealt with changes in constitutional law, and "*Heemstra* did not create a new substantive rule of constitutional dimension." *Id.* In accordance with the ruling of the Iowa Supreme Court, this court must also rule that *Montgomery* does not require the retroactive application of *Heemstra*.

---

[1] Specifically, Graves cites *Montgomery v. Louisiana*, 136 S. Ct. 718, 723 (2016), *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Johnson v. United States*, 135 S. Ct. 2551 (2015), as having "clarified when a law was required to be applied retroactively."

      [Graves] also argues that *Welch v. United States* requires the retroactive application of *Heemstra. . . .* The Court in *Welch* did not announce a new framework for the determination of retroactivity; it simply applied existing frameworks to the issue before the Court. [136 S. Ct. at 1266-67.] As there was no new law announced in *Welch*, it cannot serve as a ground of new law to provide an exception to the statute of limitations in Iowa Code section 822.3. Further, the case examined in *Welch* was decided on constitutional grounds, therefore the analysis of retroactive application in *Welch* was of a new substantive rule of constitutional law. As stated above and in *Nguyen II*, such analysis does not assist the court in the determining the outcome of this case, as "*Heemstra* did not create a new substantive rule of constitutional dimension." *Nguyen II*, 878 N.W.2d at 753, n.4. [Graves] has not provided any new ground of law that would create an exception to Iowa Code section 822.3. As the writ of procedendo in [Graves's] underlying conviction was issued more than three years ago, [Graves's] application for postconviction relief is untimely under Iowa Code section 822.3 and is hereby dismissed.

Graves appeals. Finding no error of law in the court's analysis, we affirm.

*See* Iowa Ct. R. 21.26(1)(c), (d), (e).

**AFFIRMED.**